[No. 1914-3. Division Three. July 21, 1976.]

*In the Matter of the Application for a Writ of Habeas Corpus of* DEAN DOLAN PHILLIPS, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary,* ET AL, *Respondents.*

*Dean Dolan Phillips,* pro se.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondents.

GREEN, J.—Dean Dolan Phillips petitions this court for a writ of habeas corpus to compel the Washington State

Board of Prison Terms and Paroles (Board) to apply good time credits and motivational cuts he earned while serving the first of three consecutive sentences against the minimum term set for his second sentence. Although the relief requested is not within the purview of habeas corpus, we have considered the petition as one for a writ of mandate.

On December 2, 1971, petitioner was convicted in Yakima County cause No. 16397. He was sentenced to the Department of Institutions, but was freed on bail pending appeal. While under sentence, petitioner committed a second felony. On October 19, 1972, he was convicted in Yakima County cause No. 17137 and subsequently sentenced to the Department of Institutions. Once more, petitioner was released on bail pending appeal. Both appeals were unsuccessful and petitioner was incarcerated. On July 17, 1973, the Board fixed petitioner's minimum term as 5 years on each sentence to run consecutively.

Subsequent to petitioner's transfer to the Washington State Penitentiary, he pleaded guilty to a third felony charge in Walla Walla County cause No. 64988 and was sentenced to the Department of Institutions. The Board set the minimum term on that sentence at 1½ years to be served consecutively to those previously imposed.

During petitioner's incarceration on the first sentence, the Board granted him good time credits and motivational cuts totaling 18½ months. On March 3, 1976, petitioner was paroled from that cause to cause No. 17137. Petitioner now contends that the reduction granted him on the first sentence should have reduced his second sentence. We disagree.

RCW 9.92.080 provides in part:

> Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term *shall not begin* until the expiration of all prior terms.

(Italics ours.) At the time petitioner received his good time credits and motivational cuts, he was not serving time for his second or third convictions. To allow the use of credits

and cuts earned on the first sentence to reduce the second or third sentences would violate the clear mandate of RCW 9.92.080.

The petition is denied.

McINTURFF, C.J., and MUNSON, J., concur.